# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-1003V

| | |
|---|---|
| CARLOS DIAZ,<br><br>                       Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                       Respondent. | Chief Special Master Corcoran<br><br>Filed: July 18, 2025 |

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Madelyn Weeks*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On August 12, 2020, Carlos Diaz filed a Petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on October 11, 2017. Petition at 1. On February 24, 2025, I issued a decision awarding damages to Petitioner following briefing by the parties. ECF No. 54.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $35,305.28 (representing $34,677.70 in fees plus $627.58 in attorney's costs). Application for Attorneys' Fees, filed Mar. 21, 2025, ECF No. 58. Furthermore, counsel for Petitioner represents that Petitioner incurred no out-of-pocket expenses. *Id.* at 2.

Respondent reacted to the motion on April 1, 2025, indicating that he is satisfied that the statutory requirements for an award of attorney's fees and costs are met in this case, but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 60. Petitioner has not filed a reply.

I have reviewed the billing records submitted with Petitioner's request and find reductions in the amount of fees to be awarded appropriate, for the reasons stated below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Id.* at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. *See Sabella v. Sec'y of Health & Hum. Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Hum. Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Hum. Servs.,* 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson,* 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

w

## ATTORNEY FEES

*a. Attorney Hourly Rates*

The rates requested for work performed through the end of 2024 are reasonable and consistent with our prior determinations and will therefore be adopted. However, attorney Finfer was previously awarded the *lesser* rate of $330.00 per hour for work performed in 2025. See *Olszanicky* v. *Sec'y of Health & Hum. Servs.,* No. 23-1026V, Slip Op. 32 (Fed. Cl. Spec. Mstr. April 22, 2025). I find no reason to deviate from the previously awarded rate. Accordingly, I reduce attorney Finfer's rate to $330.00 per hour for all time billed in 2025, to be consistent with the aforementioned decision. **Application of the foregoing reduces the amount of fees to be awarded by $52.00**.[3]

*b. Billing Entries for Administrative Tasks*

Additionally, a review of the billing records reveals several entries billed on tasks considered administrative in nature.[4] But billing for administrative tasks is not permitted in the Vaccine Program. See *Rochester* v. *U.S.*, 18 Cl. Ct. 379, 387 (1989) (noting that tasks "primarily of a secretarial and clerical nature ... should be considered as normal overhead office costs included within the attorneys' fee rates."). Tasks that are "purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Missouri* v. *Jenkins*, 491 U.S. 274, 288 n.10 (1989). Attorneys, thus, may not separately charge for clerical or secretarial work because those charges are overhead for which the hourly rate accounts. See *Bennett* v. *Dep't of Navy*, 699 F.2d 1140, 1145 n.5 (Fed. Cir. 1983). See also *Floyd* v. *Sec'y of Health & Human Servs.*, No. 13-556V, 2017 WL 1344623, at *5 (Fed. Cl. Spec. Mstr. Mar. 2, 2017); (stating that secretarial tasks include "scheduling status conferences, organizing exhibits, preparing compact discs, revising a short motion after an attorney's review, and filing documents through the CM/ECF system"); *Silver* v. *Sec'y of Health & Human Servs.*, No. 16-1019V, 2018 U.S.

---

[3] This amount consists of reducing attorney Finfer's rate to what she was previously awarded for time billed in 2025 and is calculated as follows: ($350.00 - $330.00 = $20.00 x 2.60 hours billed in 2025) = $52.00.

[4] Billing entries reflecting tasks considered administrative in nature are dated as follows: 2/1/21: "E-file SR." 5/14/21: "E-File MFE." 5/20/21 (four entries: memos to file regarding court orders and filing exhibits); 6/14/21; 7/14/21; 8/13/21; 9/13/21 (two entries); 12/7/21; 12/17/21 (two entries); 2/16/22; 3/29/22 (two entries); 3/31/22; 6/15/22; 7/28/22; 8/29/22; 8/31/22; 10/18/23; 12/1/23; 12/5/23; 1/8/24; 1/9/24; 2/8/24 (two entries); 2/9/24; 2/3/25; 2/25/25 (two entries); 2/27/25 (two entries). These billing entries reflect a cumulative total of $566.70 in fees claimed for administrative tasks. See ECF No. 58 at 10 -23.

Claims LEXIS 1058, at *15 (Fed. Cl. Spec. Mstr. July 31, 2018) (noting that "'receiv[ing], review[ing,] and process[ing]' records and court orders, and noting deadlines, are all clerical tasks."). Accordingly, fees incurred for such tasks will not be reimbursed. **Application of the foregoing reduces the amount of fees to be awarded by $566.70.**

  c. *Billing Entries for Briefing on Entitlement and Damages*

I also note this case required separate briefing regarding entitlement (specifically situs and onset) and damages. *See* Petitioner's Motion for a Ruling on the Record, filed Aug. 29, 2022, ECF No. 39; Petitioner's Brief in Support of Petitioner's Motion for Ruling on the Record, filed Oct. 18, 2023, ECF No. 42; Status Report, filed Jan. 9, 2024, ECF No. 48 (noting impasse in damages discussions); Petitioner's Brief in Support of Damages, filed Feb. 8, 2024, ECF No. 50; Petitioner's Reply Brief in Support of Damages, filed Apr. 24, 2024, ECF No. 52. Petitioner's counsel expended approximately 13.7 hours drafting the motion for ruling on the record and 13.4 hours drafting the entitlement reply, for a combined total of 27.1 hours briefing entitlement. ECF No. 58 at 17-19. Petitioner's counsel also expended approximately 14.2 hours drafting the damages brief and 7.6 hours drafting the reply damages brief, for a combined total of 21.8 hours briefing damages. ECF No. 58 at 21-22. Although a greater number of hours than I would usually approve, given that there was little overlap between the entitlement and damages issues which were separately briefed, that the subtotals for the entitlement and damages briefing would be deemed to be reasonable if considered separately, that the amount of compensation awarded was greater than the usual SIRVA case – signaling the more complicated nature of Petitioner's injury, and that the overall amount of attorney's fees requested in this case was reasonable, I find this time to have been reasonably incurred.

## ATTORNEY COSTS

Petitioner has otherwise provided supporting documentation for all claimed costs, ECF No. 58 at 25-29. And Respondent offered no specific objection to the rates or amounts sought. ECF No. 60. I have reviewed the requested costs and find them to be reasonable.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. I award a total of **$34,686.58 (representing**

4

**$34,059.00 in fees plus $627.58 in attorney's costs) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u><br>
Brian H. Corcoran<br>
Chief Special Master

---

[5] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.